**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 08-cr-00340-REB-01

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1.  BENJAMINE MAESTAS,

 Defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION
ON MOTION TO SEAL**

**Blackburn, J.**

  The matter before me is the government's **Motion For Reconsideration on Motion To Seal [#439]** [#510][1] filed July 13, 2009. I deny the motion.

  The government requests that I reconsider my **Order Denying Motion To Seal As Moot** [#509] entered July 13, 2009, in which I denied as moot the government's **Motion To Seal Documents Nos. 432 And 438** [#439] filed May 11, 2009. In its motion to seal, the government sought to seal the plea agreement of defendant Benjamine Maestas. The government requested in relevant part, "The Government asks that document nos. 432 and 438 and any Order resulting from said documents, all be sealed for 60 days." *See* Motion [#439] at 1, ¶ 1. Because more than 60 days had elapsed, I denied the motion as moot.

  In its motion to reconsider, "[t]he government informs the Court that the 60-day

---

[1] "[#510]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

limitation included within the motion and proposed order was in error." Motion [#510] at 1. The government's motion to seal [#439] implicated D.C.COLO.LCrR 47.1. The government's motion to reconsider implicates the standards governing reconsideration of an order entered in a criminal case, which standards require a showing by the government: (1) that there has been an intervening change in controlling law; (2) that there is new evidence relevant; or 3) that reconsideration is necessary to correct clear error or to prevent manifest injustice. *See*, *e.g.*, **United States v. D'Armond**, 80 F.Supp.2d 1157, 1170 -1171 (D.Kan. 1999). The government has not made the showing required for consideration.[2] Thus, the government's motion should be denied.

**THEREFORE, IT IS ORDERED** that the government's **Motion For Reconsideration on Motion To Seal [#439]** [#510] filed July 13, 2009, is **DENIED**.

Dated September 28, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[2] The government has not moved to amend its motion to seal to correctly state its position, and I do not construe or treat its motion to reconsider as a motion to amend. However, even without the erroneous sixty-day limitation, the government did not circumstantiate its motion to seal either factually or legally as required by D.C.COLO.LCrR 47.1A., which requires a showing of compelling reasons. The government's lone, conclusory averment that "[t]he release of the information in document nos. 432 and 438 would substantially jeopardize the security and the method of the continuing investigation," *see* Motion To Seal [#439] at 1, ¶ 2, is insufficient to satisfy the demanding standards of the local rule, which has constitutional underpinnings.